```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT


KATHLEEN COSTELLO,                    :
ERIN COSTELLO, and                    :
GERRY COSTELLO,                       :
        Plaintiffs,                   :
                                      :
            v.                        :    File No. 1:03-cv-110
                                      :
DARREN R. BALZARINI, individually,    :
and THE COCA-COLA BOTTLING            :
COMPANY OF NEW YORK, INC., a          :
foreign corporation,                  :
        Defendants.                   :
_____:
```

RULING ON PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
                GERRY COSTELLO'S LOSS OF CONSORTIUM CLAIM
                              (Paper 69)

Plaintiffs Kathleen Costello and Erin Costello brought suit in July 2003 against defendants Darren Balzarini and the Coca-Cola Bottling Company of New York, Inc., for injuries they allegedly incurred in an automobile accident on December 31, 2000. On March 7, 2005, this Court granted plaintiffs' motion to amend the Complaint to add a new plaintiff, Kathleen Costello's husband Gerry Costello, and his new cause of action for loss of consortium. See Paper 66. Pursuant to Fed. R. Civ. P. 12(c), defendants request judgment on the pleadings with respect to Gerry Costello's claim for loss of consortium.

It is undisputed that Gerry Costello's loss of consortium claim, arising from an accident occurring over 4 years ago, exceeds Vermont's statute of limitations for injuries to person

under 12 V.S.A. § 512.  Plaintiffs' argue that Gerry Costello's loss of consortium claim "relates back" to the original Complaint, filed within the applicable statute of limitations, and therefore, is timely.

Fed. R. Civ. P. 15(c) states:

> [a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom the claim is asserted.

Fed. R. Civ. P. 15(c).

Although Fed. R. Civ. P. 15(c) is primarily invoked to add new defendants, it also applies to the addition of plaintiffs if defendants could reasonably have expected them to be added. Staggers v. Otto Gerdau Co., 359 F.2d 292, 297 (2nd Cir. 1966); In Re Simon II Litig., 2002 U.S. Dist. LEXIS 25632 *148 (Oct. 22, 2002, E.D.N.Y.); In re Integrated Resources Real Estate Ltd. Partnership Sec. Litig., 815 F. Supp. 620, 642 (S.D.N.Y. 1993). In order for a new plaintiff to be added, the same conduct, transaction or occurrence originally alleged as a basis for the action must be relied upon by the added plaintiff.  In Re Simon II Litig., 2002 U.S. Dist. LEXIS 25632 at *149; Fed. R. Civ. P. 15(c)(2), (3).  "If the claim asserted with respect to the new party is based on the same set of facts, with only a different legal theory the test is satisfied."  Id. at *150.  In addition,

"late filed claims properly relate-back to timely filed claims as long as the amendment does not produce an unfair surprise to the defendant." 123 Main Street Assocs. v. Manko, 897 F. Supp. 1507, 1521 (S.D.N.Y. 1993).

Mr. Costello's loss of consortium claim is based upon the injuries sustained by Kathleen Costello in a motor vehicle accident involving herself, their daughter and the defendants, and therefore, the underlying facts and set of circumstances of Mr. Costello's claim are identical to the original Complaint. Defendants have had ample notice that they must defend themselves with respect to the motor vehicle accident that transpired. Because Kathleen Costello alleged injuries to "her head, teeth, neck, hip back, uterus, thumb, limbs and body and was rendered sick, sore, lame, disfigured and otherwise disabled," Paper 1 at ¶ 4, it is foreseeable that her husband's loss of consortium claim might be brought against them.

Defendants have not shown that they will be unduly prejudiced with the addition of Gerry Costello's loss of consortium claim. The parties are still in the discovery phase of litigation – in fact, plaintiffs point out that Mr. Costello has already been deposed by the defendants at length regarding his loss of consortium. See Pl's Opposition (Paper 71 at 4). Therefore, Gerry Costello's loss of consortium claim relates back

to the originally filed Complaint, and is timely.  Defendants' motion for judgment on the pleadings is DENIED.

    SO ORDERED.

    Dated at Brattleboro, Vermont this 24th day of May, 2005.

/s/ J. Garvan Murtha  
J. Garvan Murtha  
United States District Judge
